Okay, next case on the docket is People v. Moore, Clause No. 5-13-125. And Mr. Whitney, whenever you're ready to proceed, you may do so. Thank you. Good morning, Your Honors, and may it please the Court, Counsel. The underlying issue on this appeal is pretty straightforward and easily resolved. The statutory requirement that every person in custody in this state for the alleged commission of a felony shall receive either a preliminary examination, or what we commonly call a probable cause hearing, or an indictment within 30 days from the date he or she was taken into custody applies to people who were already in prison when arrested for the offense and they are entitled to the same remedy of a dismissal without prejudice. This Court already settled that question in its 1990 opinion in People v. Roe v. Yet here, in this case, after his arrest, Mr. Moore did not get a preliminary hearing for 202 days. Is the question settled as to when you begin counting that 30 days from the charge or from custody? I believe it has been, Your Honor, and that point was raised and I replied to it in a reply brief We could cite to the People v. Manks case the right to a speedy trial attaches when a criminal prosecution has begun, such as by arrest. So, in that case, they were tying the beginning of a criminal prosecution to arrest. Cited to the Supreme Court case of People v. Roberson, quoting, once a defendant is arrested for an offense, he or she is clearly in custody for that offense even before he or she is formally charged. I also cited other cases with specific reference to this statute that doesn't come right out and say, yes, the arrest is the triggering event, but it made certain references indicating that the arrest was the triggering event. For example, People v. Whitlock, since the defendant was charged by a grand jury within 30 days of his arrest and since the previous informations were dismissed, the trial court promptly vacated the date for the preliminary hearing. I think it's very clear and I think common sense and common experience tells us that when someone is arrested for an offense, there may be a gap in time between the arrest and the filing of the formal charging instrument. In this case, there was quite lots of time, and that was partly responsible for the delay of 202 days. So here, again, I think the underlying issue has been settled by People v. Roby, where the facts were almost identical, and Mr. Moore is asking for nothing more or less than this provision of the Code of Criminal Procedure be enforced as written and that a requirement of our state constitution be followed with respect to a prompt preliminary hearing. What makes this appeal more complicated is the jurisdictional question, since Mr. Moore did not file his notice of appeal until well after the 30-day deadline, as well as the additional six months allowed under Rule 606C. However, as set forth in our briefs, two exceptions to the rule apply to Mr. Moore, either one of which is sufficient to confer jurisdiction on this court. The admonition exception that exists where a defendant is not properly admonished about a health procedure under Rule 605, first recognized by our Supreme Court in People v. Foster, and the ineffective assistance of counsel exception where counsel was responsible for the loss of appellate rights recognized by the court in People v. Ross. Speaking to the admonition exception first, and admittedly it is somewhat complex, I think it can be stated succinctly. Mr. Moore never pled guilty. He was found guilty by a stipulated bench trial. Yet he was not admonished under Rule 605A, and he was never admonished by the trial court as to what he had to do to appeal the judgment of conviction, which is what he wanted to do. Instead, he gave an admonishment that was created by the circuit court and is found nowhere in the Supreme Court rules. There is no rule that says that if you want to appeal your sentence after conviction, you first have to file in the trial court within 30 days a written motion to withdraw your consent to the stipulated bench trial. Evidently, Judge Campanella made this mistake because he made the additional mistake of equating the stipulated bench trial with a plea of guilty that was tantamount to a guilty plea, even though for reasons explained in the opening brief, that didn't apply here. So what the court gave him was an incomplete and garbled version of the wrong Rule 605C, and accordingly, just like the court in the Stoops case exercised jurisdiction despite the untimely filing of a notice of appeal due to a defective Rule 605A admonition, Mr. Moore should also be excused for noncompliance with the rules for perfecting an appeal because it would violate due process to hold him responsible for complying with a rule about which he was never properly admonished, nor warranted the consequences of noncompliance. Let's just assume for a minute that there was a bad admonition. Okay. How long can he file this notice of appeal? Twenty years later? Thirty years later? Forty years? I mean, is there an end to this at some point, you know, when he can file the notice of appeal? Well, I've given that when the error is of constitutional dimension, which it is here because we're talking about due process, I think that the People v. Moore case, there's a lot of Moores involved in this case. I've got one sitting next to me. Right, right. It's simply all in the way. But the 1990 People v. Moore case by the Supreme Court, which I cite in connection with the ineffective assistance of counsel exception, that was an 80-year. And so my argument would be just as an 80-year gap was considered acceptable by our Supreme Court in the context of an ineffective assistance of counsel exception, because that, too, implicates the Constitution. Here we have a due process concern, which implicates the Constitution. And Mr. Moore took four years and ten months, but that's about almost twice as fast as the delayed filing in the other Mr. Moore case. But counsel, he's not appealing the sentence, is he? Correct. He's not, but he wanted to appeal his conviction, but that's precisely what he got no admonition about whatsoever. The admonition he got from Judge Campanella said, well, if you want to appeal your sentence, you have to do this thing that exists nowhere in the world. He wasn't at all told what he had to do to appeal his conviction, which is what he wanted to do. He wanted to raise this issue about the failure to get a preliminary examination within 30 days. That was clearly his central concern here. So we would argue that this does apply. Now, counsel just yesterday— Let me ask another question. I'm sorry, yes. We know in this case that he wrote a letter to his attorney, Mr. Gross, a year after the conviction and asked about notice of appeal. But we know he found out a year after that a notice of appeal had not been filed. But then he waited another three years before he filed the current pleading. So, you know, once he's charged with the knowledge that nothing's been done, at some point, doesn't he have to do something? Well, I think— I'm getting back to this. Sure. How long does this go on? I understand. But I think what the Supreme Court is telling us in cases like the old Moore case is that what we're really talking about— is that we're talking about responsibility of the court. And if the court doesn't fulfill this very basic responsibility, then you cannot hold the defendant to the ordinary course of rules about which he was never informed. And I think that's the central point. I'm not sure that I can state what an outer limit would be. You know, or if there is one, when there is a failing that's this fundamental. But that is what happened. I would also, just on a factual basis, with respect to the premise of your question, Your Honor, I believe it was stated in the petition to file a late motion to dismiss that our Mr. Moore said that basically that his attorney just got to stop communicating with him. So there was a period where maybe he expected his attorney— he said, I've requested a copy of the transcript in the hopes that there is some discussion in the record concerning your intentions. And he says, I will do everything I can to assist you. All right. Thank you, Mr. Whitney. You'll have time on your button. Okay. Thank you, Your Honor. Ms. Shanahan? And I— Mr. Whitney's time is up. I was getting ready to ask another question, so I'm going to ask you right away. As far as what we're here on, the defendant filed a post-trial motion and late notice of appeal or something like that. The trial court re-characterized it as a post-conviction petition, dismissed it, and then notified him of that, I presume, in some type of compliance with Shellstrom. And the defendant's response was, no, I don't want a post-conviction petition. I want you to decide what I file. And then the court dismissed it. Right? I think you've reached the crux of the appeal. So we're here on this attempt to file a late notice of appeal is basically— An attempt to file a late post-trial motion, which the trial court had no jurisdiction to hear. And an attempt to file a late notice of appeal, which was never filed in this court, and therefore this court doesn't have jurisdiction. And I think, as I said, I think you've hit the crux of the appeal. Honest to goodness, I think if sometime within the three years after this defendant was convicted, if he had filed a post-conviction petition, he probably had a pretty big claim. But he didn't. He didn't file a direct appeal, so— So you're agreeing that he was not properly admonished? Yes. Right. I do not agree that the admonishments are primarily the kind given to a guilty plea. And I do not agree that nothing was right about it. I do agree that what the judge said about having to withdraw his agreement to the stipulated bench drop was wrong. So I—and I do think that there is, you know, an arguable question that could have arisen in a post-conviction petition as to whether he asked—no, not asked—told defense counsel to file a notice of appeal. There's not enough, as discussed in our brief, there's not really enough in the record as it stands right now to know what happened as far as the notice of appeal. Mr. Gross says, yeah, I remember before I came on that you had an issue and I didn't file a notice of appeal and I don't remember what you—it's not clear. Again, arguable in a post-conviction petition where it could have been flushed out. And arguable since there was no direct appeal for three years. But when Justice Campanella recharacterizes, he actually specifically gave defendant leave to refile and establish lack of culpable negligence. And I don't think he could have done it with the very reason that you pointed out, which is that a year after this appeal—I mean, excuse me, a year after this manless sentence, he specifically had contact with his attorney and knew no appeal had been filed. Nonetheless, he was given that opportunity to establish that and he very, very specifically said, this is not a post-conviction petition. I want to file a late post-trial motion. I want to file a late notice of appeal. Well, under Flowers, under—oh, Scrid? I never could figure out how to pronounce that, which I discussed in the motion filed yesterday. Oh, I'm sorry. I should have said something about that. Her motion to sign additional authority is granted. It was filed yesterday. Yes, Your Honor. And Mr. Whitney, you'll be allowed 14 days to respond to that if you so desire. Sorry. I broke that up. That's all right. So we've got very clear Illinois Supreme Court cases that say a trial court cannot entertain a post-trial motion outside the statutory time frame. I mean, they've kind of allowed—taken the literal meaning of the statute and extended it a little bit by saying, okay, you know, by the time you're sentenced. So even if you're—that's more than 30 days. But nonetheless, you can't file a post-trial motion four years after you were sentenced. You can't file a late notice of appeal four years after you're sentenced. And if you do file a late notice of appeal, you have to file something in this court. And the defendant never filed anything in this court. So we have two lacks of jurisdiction. The trial court recognized that he lacked jurisdiction to entertain an untimely post-trial motion. He was trying to help this guy out, give him every opportunity he could by saying, okay, I'm going to recharacterize it. I'm going to dismiss it, but I'm going to let you try and establish culpable negligence since it's not timely. The defendant rejected that opportunity. This is a late post-trial motion. The trial court had no jurisdiction to entertain it. The trial court recognized that. That's the end of this case. Similarly, the late notice of appeal would never file in this court and never establish culpable negligence. I mean, even if you, in the six months that is allowed under Rule 606, you still have to deal with culpable negligence. Culpable negligence permeates this entire case, which, because, as you pointed out, Justice Stewart, at the very latest, when that letter came from Mr. Gross, the defendant knew no direct appeal had been filed. He was put on notice. Every type of statute, case law, Supreme Court rule that we have says you can't just sit on your hands forever. If it's late, give us a good reason why it's late. I mean, that's essentially what the law is. And the record reflects, correct me if I'm wrong, that after, during that period after the letter from Mr. Gross, I mean, no letter was sent by the defendant saying, I want an appeal. I mean, nothing was filed. Nothing was filed. Nothing whatsoever. Until this post-trial motion. Yes. So, to me, the beginning and end of this case is there's no jurisdiction. He filed a post-trial motion. It was more than 30 days. The trial court dismissed it, denied it, and the story would be here. And the same thing with the late notice of appeal, yes. Assuming jurisdiction, just for the sake of argument, the admonishment exception does not apply. And I think you recognize the problem here. Even if you somehow work this admonishment exception into a case like this, the defendant seems to be arguing that if you're misadmonished, that whenever you want after that, you can come back and appeal. And, again, I get back to this culpable negligence to the fact that once someone's put on notice that there's a problem, you can't just wait forever to do it. And you can't say, oh, I was misadmonished four years ago, therefore I get to appeal. So that's the first reason. The second reason is that all of the cases cited by the defendant in the admonishment rule deal with guilty pleas except for Henderson. We've discussed Henderson in our brief and why we believe the defendant has failed to establish any prejudice or denial of legal justice. I'm looking at that white flashing, and I want to touch on the last one. Well, I do want to touch on this preliminary examination issue, the merits of the underlying appeal. First of all, it's a position that you never give there. If you decided that this guy was misadmonished, then the remedy is to go back and admonish him properly and start all over again, not deal with the underlying merits of this appeal. Nonetheless, having said that, the statute that the defendant is raising this under is called persons charged with felonies. And the relevant word there is charged, not arrested. It says in any case involving a person charged with a felony, then he has this 30-day time period. Let's say 30 days from being taken into custody. 30 days from being charged. The word that it says. It says within 30 days from the date he or she was taken into custody. Yes, but he first has to, the first part says in any case involving a person charged with a felony. Thank you. And the word charged as defined in the statute says when the information is done. All right. Thank you, Ms. Shaney. Whitney, any rebuttal? And you may want to address the question I had about what we're here on, you know, in the post-conviction petition recharacterization. I mean, you agree that we're here on this post-trial motion. It is on the appeal of the denial of the post-trial motion. Right. But where the admonition exception applies and the ineffective assistance of counsel exception applies is on the underlying issue, which is what he wanted to raise all along. And with respect to the Scrid case, Your Honor, with some allowance maybe for time, I can't address that now. Or if the court would prefer it written, I can do that. But briefly, we've never contested the trial court lack jurisdiction, which was the issue in Scrid. But Scrid talked about the admonition exceptions applying to appellate court jurisdiction, which is what we are here on. We're not, we're also, unlike Scrid, we're not here under the 604D admonition exception, which applies to guilty pleas and the requirement that within 30 days, you have to file a motion to either reconsider the sentence or withdraw the plea. We're here under the 605 admonition exception, recognized in Henderson, Stoops, and Robinson cases. Now, counsel stated that the only thing we rely on there is Henderson. That's not true. Even more on point are the cases in Stoops and Robinson where defendants, just like Mr. Moore, did not timely file their notice of appeal, but because they were not correctly admonished about the 30-day time period under Rule 605A, the appellate court exercised jurisdiction anyway. So, sure, it wasn't the same length of time, but I think there is precedent for this. We are, with respect to the fact that, well, he was told by his attorney that no appeal had been filed, and then he waited even longer. Well, yes, he may have been put on notice that no appeal was filed, but what Mr. Moore was never told, either by the court or by his attorney, was what the rules were, what exceptions might exist for filing a late notice of appeal, and what he was supposed to do. And that's why we get back to why these exceptions apply. If the court doesn't admonish you with what you're supposed to do, having been found guilty, to challenge the actual conviction, then that is a major due process failing. Well, if your attorney, who is responsible for this, doesn't do what he's supposed to do in timely filing the notice of appeal when he was put on notice, that was admitted in Gene Gross's letter, that, yes, he did want to challenge his conviction, well, then there's an ineffective assistance of counsel plan. As a matter of fact, no showing of prejudice is required where you demonstrate something as serious as the complete loss of your right to direct appeal. And I would, again, refer the court to the Older Moore case as well as the Ross case in that regard. As a matter of fact, in the Ross case, the court said flat out, and I'm quoting the defendant, whose attorney never filed a notice of appeal, is entitled to that appeal, not its functional equivalent. And in the Moore case, he had an eight-year gap. So I think these questions have been resolved by precedent, that the loss of your right to that one direct appeal that you get is so fundamental that there are exceptions to the usual jurisdictional rules of the court. And that's what brings us here. We're not, contrary to what counsel said, we're not, this is not like the Henderson case where the defendant decided, well, I wasn't admonished, so I only want to challenge the failure to admonish where you have no underlying claim about how this harmed him. And that's why the court didn't agree with the defendant in Henderson. Here, he's got an underlying claim. Our client has an underlying claim. And it's a serious one about which there's a body of precedent that you have to have a preliminary examination and probable cause hearing within 30 days of your detention. That didn't happen here. And for these reasons, we asked this court to confer jurisdiction or recognize jurisdiction. And following Robey, either entering a judgment of acquittal, vacating his conviction, or remanding it to the circuit court with instructions to vacate his conviction on that ground. All right. Thank you, Mr. Whitney. And as far as you, we'll give you 14 days to respond. You don't have to, but we'll, you've already responded, so we'll allow you that time. Okay, I appreciate that. If you choose not to, that's up to you. Okay, thank you. All right. Well, thank you both for your briefs and arguments. The court will take this matter under advisement and issue a decision in due course. The court will be in a brief recess.